

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison, Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-4264

Re: Definition of residence as required in House Bill 611, Acts Regular Session 47th Legislature.

You request the opinion of this Department upon the character of residence required by the provisions of our Constitution and of House Bill 611, Acts Regular Session 47th Legislature, of applicants for Old Age Assistance, Aid to the Needy Blind, and Aid to Dependent Children.

Constitution Article III, Section 51b provides:

"The Legislature shall have the power by general laws to provide, under such limitations and restrictions and regulations as may be deemed by the Legislature expedient, for old-age assistance and for the payment of same not to exceed Fifteen Dollars ($15) per month each to actual bona fide citizens of Texas who are over the age of sixty-five (65) years; provided that no habitual criminal, and no habitual drunkard while such habitual drunkard, and no inmate of any State supported institution, while such inmate, shall be eligible for such old-age assistance; provided further that the requirements for length of time of actual residence in Texas shall never be less than five (5) years during the nine (9) years immediately preceding the application for old-age assistance and continuously for one (1) year immediately preceding such application.

The Legislature shall have the authority to accept from the Government of the United States such financial aid for old-age assistance as that Government may offer not inconsistent with the restrictions hereinbefore provided. (Sec. 51-b, Art. 3, adopted election Aug. 24, 1935.)"

Constitution Article III, Section 51c provides:

"The Legislature shall have the power by
General Laws to provide, under such limitations
and regulations and restrictions as may by the
Legislature be deemed expedient, for assistance
to the needy blind over the age of twenty-one
(21) years, and for the payment of same not to
exceed Fifteen Dollars ($15) per month per per-
son; such assistance or aid to be granted only
to actual bona fide citizens of Texas; provided
that no habitual criminal and no habitual drunk-
ard and no inmate of any State supported insti-
tution, while such inmate, shall be eligible for
such assistance to the needy blind over the age
of twenty-one (21) years; provided, further, that
the requirements for the length of time of actual
residence in Texas shall never be less than five
(5) years during the nine (9) years immediately
preceding the application for assistance to the
needy blind over the age of twenty-one (21) years;
and continuously for one year immediately preced-
ing such application.

"The Legislature shall have the authority
to accept from the Government of the United States
such financial aid for assistance to the needy
blind as that Government may offer not inconsist-
ent with the restrictions hereinabove provided.
(Sec. 51-c, Art. III, adopted election Aug. 23,
1937.)"

Constitution Article III, Section 51d provides:

"Subject to the limitations and restrictions
herein contained, and such other limitations, re-
strictions, and regulations as may be provided by
law, the Legislature shall have the power to pro-
vide for assistance to destitute children under the
age of fourteen (14) years; such assistance shall
not exceed Eight Dollars ($8) per month for one
child nor more than Twelve Dollars ($12) per month
for such children of any one family; provided
that the amount to be expended for such assistance
out of state funds shall never exceed the sum of

One Million, Five Hundred Thousand Dollars ($1,500,000) per year. The Legislature may impose residential restrictions and such other restrictions, limitations, and regulations as to it may seem expedient.

"The Legislature shall have the authority to accept from the Government of the United States such financial assistance to destitute children as that Government may offer not inconsistent with the restrictions herein above provided. (Sec. 51-d, Art. III, adopted election Aug. 23, 1937.)"

House Bill 611, Section 35, provides:

"'Sec. 35. The purpose of this Act is to inaugurate a program of social security and to provide necessary and prompt assistance to the citizens of this State who are entitled to avail themselves of its provisions. This Act shall be liberally construed in order that its purposes may be accomplished as equitably, economically, and expeditiously as possible.'"

Residence requirements set up in the Act are as follows:

Section 20: "Old Age Assistance shall be given under the provisions of this Act to any needy person:

". . .

"(3) Who has resided in the State of Texas for five years or more within the last nine years preceding the date of his application for assistance and has resided in the State of Texas continuously for one year immediately preceding the application; . . ."

Section 12: "Assistance shall be given under the provisions of this Act to any needy blind person who:

". . .

"(3) Who has resided in this State for five years during the nine years immediately preceding the date of

Honorable J. S. Murchison, Executive Director, Page 4

application, and who has resided in this State continuously for one year immediately preceding the date of application;
. . ."

Section 17 provides for aid to dependent children, and defines the term, in part, as embracing any individual:

"(2) Who has resided in this State for a period of at least one year immediately preceding the date of the application for assistance; or was born within the State one year immediately preceding the date of application, and whose mother has resided in the State for a period of at least one year immediately preceding the birth of such child; . . ."

The Constitution and the Statute reflect clearly the intention of the people of Texas that the aid contemplated should be extended only to citizens of this State. Obviously Texas could not undertake the financial burden of providing "Social Security" for other than its own citizens. Moreover, Texas could not safely assume such burden with respect to all who might become citizens, without some minimum requirements with respect to the period over which that citizenship should have existed. In the absence of such requirements, citizenship in this State might be acquired immediately by citizens of other states removing to Texas and in fact and intention establishing their home here. There was the possibility that large numbers of people might be induced to make their homes in Texas for the purpose of obtaining immediately the benefits of its Social Security program. To guard against this, the minimum residence requirements of the Constitution were enacted; and these requirements should be construed in the light of the purpose for which they were provided. The words "reside" and "residence", being words of elastic meaning, the construction to be placed upon them depends upon the object or purpose of the statute in which they are employed. 54 C. J. page 708.

Since both the Constitution and the Statute contemplate extension of the benefits involved only to "citizens" of Texas, it is clear that mere physical presence in this State, without the intention of making this State the fixed and permanent place of abode, is not the character of "residence" required. Citizenship is not acquired by mere physical presence, but by physical presence with the intention that the place of physical presence shall be the home. Act and intent must co-exist and correspond. Eisele vs. Oddie, 128 Fed. 941.

What then is the character of the "residence" required over the periods mentioned in the Constitution and the Act? Plainly, we think, a continuous physical presence within this State is not contemplated. Thus to construe the language used would result in the harsh and unreasonable doctrine that physical absence from the State for even a day on business or for pleasure, or for other temporary purpose, would interrupt the period. No such unreasonable intent should be imputed unless required by unambiguous language. Hence we reject such construction. In our opinion, the period of "actual residence" of a citizen of this State is not interrupted or broken by mere physical absence from the State for temporary purposes, when the intent exists to return to this State when those temporary purposes occasioning the absence are satisfied. On the other hand, the word "actual" modifying "residence" requires that the residence be "real"--that it exist in fact, rather than by fiction of law. Thus, while continuous physical presence is not required, the person must be physically present in this State under such circumstances and for such a substantial part of the time period involved as will reasonably indicate that Texas is in fact, as well as intention, his fixed and permanent place of abode during the entire period required.

Thus interpreted, the residence required is of the same general character as that required of one who petitions for a divorce in this State. Michael vs. Michael, 34 Tex. Civ. Ap. 630, 79 S. W. 75; Spear, Marital Rights, page 725. We regret that it is not possible to lay down a rule of thumb by which the existence of the "actual residence" may be determined by you; the issue is peculiarly one of fact, compounded of act and intention, and is to be resolved in the light of the circumstances of the particular case, according to the necessarily general rules stated above.

APPROVED FEB 9, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:mp


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN